

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 6, 2022

VIA ECF
Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, New York 10007

> **Application Granted**
>
> Valerie Figueredo, U.S.M.J.
> DATED: 5.9.2022
>
> The stay is hereby extended to Tuesday, July 5, 2022. At that time, the parties are directed to submit a status letter to the Court, with proposed next steps.

Re:   *Sanjel v. USCIS*, No. 19 Civ. 10347 (LTS) (V

Dear Judge Figueredo:

This Office represents the government in the above-referenced action in which the plaintiff seeks review of the denial of his Application to Register Permanent Residence or Adjust Status (Form I-485) filed with U.S. Citizenship and Immigration Services ("USCIS"). On March 14, 2022, the Court granted an on-consent request to stay this matter for sixty days to allow USCIS an opportunity to review the policy underlying this dispute and determine subsequent agency action that may render this case moot. *See* ECF 37.

As explained in the government's March 7, 2022, letter, *see* ECF No. 36, the plaintiff is subject to a removal order but has been accorded Temporary Protected Status ("TPS"). A central issue in this case is the legal effect of the plaintiff's travel and return to the United States pursuant to a grant of advance parole. Under the government's current interpretation of 8 U.S.C. § 1254a(f)(3) and section 304(c) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 ("MTINA"), such travel by an individual with TPS does not execute a removal order, and thus, the plaintiff remains in the status he had before he travelled—*i.e.*, a noncitizen with a removal order. It is the government's current position that, in these circumstances, the immigration judge has exclusive jurisdiction over whether the plaintiff can adjust status, and therefore, USCIS cannot adjudicate a Form I-485. *See* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i) (granting "exclusive jurisdiction" to the immigration court following commencement of removal proceedings). Also, it is the government's position that under the current interpretation of MTINA, the plaintiff is barred from an adjustment of status because his travel and return pursuant to a grant of advanced parole did not constitute a lawful admission, and therefore, he has "failed to maintain, continuously, a lawful status." *See* 8 U.S.C. 1255(k)(2)(A).

USCIS is continuing to actively reevaluate its position on these key issues. Notably, on February 2, 2021, President Biden issued an Executive Order directing the Department of Homeland Security to, *inter alia*, "review existing regulations, orders, guidance documents, policies, and any other similar agency actions" and to "identify barriers that impede access to immigration benefits and fair, efficient adjudications of these benefits and make recommendations on how to remove these barriers, as appropriate and consistent with applicable law." Executive Order 14012, "Restoring Faith in Our Legal Immigration Systems and Strengthening Integration and Inclusion Efforts for New Americans," 86 Fed. Reg. 8277 (Feb. 2, 2021). The government's interpretation of MTINA falls within the scope of that Executive Order, and thus, it is currently under active review by USCIS. USCIS also recently posted information on its website that provides some guidance to noncitizens with outstanding removal orders who are seeking

adjustment of status.  *See* https://www.uscis.gov/laws-and-policy/other-resources/class-action-settlement-notices-and-agreements/certain-temporary-protected-status-tps-recipients-with-orders-of-removal-or-deportation-seeking (last accessed May 6, 2022).

In addition to this review process, there are currently two cases certified to USCIS's Administrative Appeals Office ("AAO") that concern the legal effect of a TPS recipient's travel and return to the United States under 8 U.S.C. § 1254a(f)(3) and section 304(c) of MTINA.  The AAO cases concern whether a TPS recipient returning to the United States is properly considered to have been inspected and admitted (and thus potentially eligible for adjustment of status), which is not USCIS's current policy.  The plaintiffs in each of those cases also filed APA suits in district court, but both have been dismissed in light of the pendency of the AAO appeals.  *See Amaya v. Borgen*, No. 20 Civ. 4616 (EK), 2021 WL 5866485 (E.D.N.Y. Dec. 10, 2021) (dismissing challenge based on lack of final agency action where USCIS certified decision to the AAO and that matter remains pending with the AAO), *appeal docketed*, 21-3143 (2d Cir. 2021); *Quintanilla v. Wolf*, No. 20 Civ. 4944 (EEB), 2021 WL 4350346 (N.D. Ill. Sept. 20, 2021) (dismissing challenge pending AAO decision).  Another APA case raising a similar challenge is currently stayed pending USCIS's evaluation of the policy at issue here.  *See Bhujel v. Nielson*, No. 18 Civ. 12644 (LTS), ECF Nos. 35-39 (D. Mass. 2021).

The government respectfully submits that it is in the interest of efficiency and conservation of resources for the Court to continue to stay this case for an additional sixty days to allow this review process to progress.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Here, because USCIS is actively reviewing a policy that is central to the issue presented in this case, and because the legal question presented here is related to the questions currently certified and pending before the AAO, it would be prudent to hold this action in abeyance to avoid unnecessary motion practice and thus preserve judicial and party resources, particularly where the conclusion of either USCIS's review or the AAO's decisions may result in a change to the policy or USCIS's interpretation of the law, which would render this action moot.  *See, e.g., Fareportal Inc. v. Travana, Inc.*, Nos. 16 Civ. 9882 (ALC), 17 Civ. 968 (ALC), 2017 WL 11512550, at *2 (S.D.N.Y. Sept. 25, 2017) ("The outcome of that expert's analysis may eliminate Fareportal's claims here, or at least significantly reduce the scope of the actions pending before this Court.  Given this potential efficiency, the Court will stay this action under its inherent authority to manage its own docket in an efficient manner.").[1]  Plaintiff consents to this request.

---

[1] In the event that the Court denies the parties' stay request, the parties will submit a letter with a proposed schedule for briefing of the government's anticipated motion to dismiss within ten business days.  In such event, the parties do not anticipate the need for an administrative record.

I thank the Court for its consideration of this request.

                                             Respectfully submitted,

                                             DAMIAN WILLIAMS
                                             United States Attorney

By:   *s/ Jacqueline Roman*
        JACQUELINE ROMAN
        Special Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (347) 714-3363
        E-mail: jacqueline.roman@usdoj.gov
        *Attorney for Defendant*

cc: Counsel of record (via ECF)